# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Randall Loyis Simpson, | ) | |
| | ) | Civil Action No.: 4:19-cv-03095-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Florence County Complex Solicitor's Office, Florence County Complex Public Defender's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    INTRODUCTION

This matter is before the court pursuant to 28 U.S.C. § 1915. Plaintiff Randall Loyis Simpson, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed the instant action pursuant to 42 U.S.C. § 1983 on October 31, 2019, alleging that Defendants violated his constitutional rights. (ECF No. 1.) On November 7, 2019, the Magistrate Judge issued an Order (ECF No. 7) directing the Clerk not to authorize service of process. On the same day, the Magistrate Judge issued his Report and Recommendation ("Report") (ECF No. 9), recommending that the court dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915, *without prejudice*.[1]

Objections to the Report were due by November 21, 2019, with an additional three (3) days if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed R. Crim. P. 45. (*See* ECF No. 9 at 10.) Plaintiff filed no objections to the Report by November 21, 2019. In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an

---

[1] The Magistrate Judge also recommended that the action be dismissed without issuance and service of process due to Plaintiff's "pending criminal charges as well as his failure to name a party amenable to suit, prosecutorial immunity, and because his court appointed counsel is not a state actor subject to suit under § 1983." (ECF No. 7 at 1.)

explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court accepts the recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint (ECF No. 1) *without prejudice* and without issuance or service of process. The court incorporates pertinent facts from the Report herein.

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The recommendation has no presumptive weight. *Id.* at 270–71. The responsibility to make a final determination remains with this court. *Id.* As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1).

## III.     DISCUSSION

Under 28 U.S.C. § 1915, the court must dismiss a case filed *in forma pauperis* if at any time it determines that the action (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Before docketing, if feasible, the court should review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). A "prisoner" is "any person

incarcerated or detained in any facility who is accused of . . . violations of criminal law." *See id.* §

1915A(c). As Plaintiff is incarcerated and accused of violations of criminal law in the Florence

County Court of General Sessions, he is a prisoner under 28 U.S.C. § 1915A. (*See* ECF No. 9.)

Further, Plaintiff "seeks redress from a governmental entity or officer or employee of a

governmental entity."

Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and

held to a less stringent standard than attorneys' formal pleadings. *See Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (per curiam). This, however, "does not transform the court into an advocate" for

Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis

supporting them. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Section 1983 "'is

not itself a source of substantive rights,' but merely provides 'a method for vindicating federal

rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v.*

*McCollan*, 442 U.S. 137, 144, n.3 (1979)). "Section 1983 . . . creates a private right of action to

vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of

the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To show a violation of § 1983,

Plaintiff must show "(1) that [the state actors] 'deprived [him] of a right secured by the Constitution

and laws of the United States'; and (2) that they 'deprived [him] of this constitutional right under

color of [State law].'" *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### ***Younger* Abstention**

Plaintiff requests injunctive relief regarding his pending criminal charges in state court.

(*See generally* ECF No. 1.) While the district court has the power to enjoin state officers in state

criminal proceedings, such injunctive relief against a state officer should be exercised in only "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). This court must not restrain state criminal prosecution unless the moving party has no "adequate remedy at law" and irreparable damage will result from the denial of injunctive relief. *Id.* at 43–44. Abstention from injunction, under *Younger*, is appropriate when the following requirements have been met: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

There are ongoing state criminal proceedings at issue here involving Plaintiff. These proceedings implicate important state interests, as "the states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Plaintiff may address his claims against the solicitor and public defender through his pending criminal proceedings. Furthermore, no "extraordinary circumstances" have been shown that would necessitate interference in the state court proceedings. Therefore, the court denies Plaintiff's request for an injunction to stay his pending state criminal charges.

### Failure to State a Claim for Relief

Plaintiff's request for money damages implicates the federal court practice of staying, rather than dismissing, money damages claims during a state court's proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). However, as indicated below, because Plaintiff's claims are

"plainly barred" for failure to state a claim for relief, dismissal is appropriate. *See Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006).

Plaintiff's Complaint fails to state a claim for relief because it does not name a party amenable to suit pursuant to § 1983. A defendant in a § 1983 action must qualify as a "person" under the statute. Because "neither a state nor its officials acting in their official capacities are 'persons' under § 1983," Florence County Complex Solicitor's Office and Florence County Complex Public Defender's Office are not "persons" under § 1983. *See Rhodes v. Seventh Circuit Solicitors Ofc.*, C/A No. 9:09-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) (county public defender office and county solicitor office not persons subject to suit under § 1983). Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim for relief.

Furthermore, Plaintiff's claims against Elizabeth Neyle should be dismissed because she was not acting under color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). No one factor is determinative of state action; rather, the state action must be determined by considering the totality of the circumstances. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). Private conduct, without state action, is not actionable under § 1983 and the United States Constitution. *See Lugar*, 457 U.S. at 936. Appointed defense counsel are not state actors under § 1983 because they are considered adversaries of the State.[2] *Polk Cty. v. Dodson*, 454 U.S. 312, 323 n.13 (1981).

---

[2] The court notes that "public defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." *Figueroa v. Clark*, 810 F. Supp. 613, 616 (E.D. Pa. 1992); *see Tower v. Glover*, 467 U.S. 914 (1984). While the Magistrate Judge's Report states that the Complaint is "void of any such allegations" of conspiracy, (*see* ECF No. 9 at 8), Plaintiff does, in fact, claim the existence of a conspiracy in his Complaint, albeit briefly. (*See* ECF No. 1 at 13.) To establish conspiracy under § 1983, Plaintiff must show that Defendant "acted jointly in concert [with the other state actor Defendants] and that some overt act was done

Because Neyle is appointed defense counsel for Plaintiff, she is not a state actor under § 1983.

Therefore, Plaintiff's § 1983 claim, as liberally construed against Neyle, should be dismissed.

## IV.     CONCLUSION

Based on the foregoing reasons, and a thorough review of the Magistrate Judge's Report

and the record in this case, the court **ACCEPTS** the Report (ECF No. 9). The court, therefore,

**DISMISSES** Plaintiff's Complaint (ECF No. 1), *without prejudice.*

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 30, 2019
Columbia, South Carolina

---

in furtherance of the conspiracy which resulted in . . . deprivation of [Plaintiff's] constitutional rights." *See Hinkle v. Cty. of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff does not specifically claim that Neyle acted jointly in concert with any of Defendants. Instead, in a conclusory fashion, he generally alleges a conspiracy within the "Solicitor's Office and Public Defender's Office," (ECF No. 1 at 13), both of which have already been established herein as not "persons" under § 1983. Furthermore, Plaintiff does not allege that any overt act was taken in furtherance of such a conspiracy to deprive him of his constitutional rights. Therefore, the conspiracy exception to a public defender's § 1983 immunity is not applicable here.